UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

MAI THU TRUONG                                                                          PLAINTIFF

VS.                                                       CIVIL ACTION NO. 3:22-cv-358-DPJ-FKB

PUBLIC EMPLOYEES' RETIREMENT
SYSTEM OF MISSISSIPPI                                                                   DEFENDANT

REPORT AND RECOMMENDATION

On June 27, 2022, Plaintiff Mai Thu Truong filed a complaint for employment discrimination. *See* [1].   On the same date, Plaintiff also filed a Motion for Leave to Proceed In Forma Pauperis [2] requesting that the prepayment of the filing fee and costs be waived pursuant to 28 U.S.C. § 1915.

After a review of the sworn Financial Affidavit [2] filed by Plaintiff with the Court, it is the opinion of the undersigned that Plaintiff is not indigent under the law and should not be allowed to proceed *in forma pauperis*.   Plaintiff has regular monthly income; both Plaintiff and her spouse each have a funded checking account and a funded savings account; and Plaintiff and/or her spouse have a home and vehicle. *See* [2] at 1-3.

Section 28 U.S.C. § 1915(a)(1) is intended to provide access to federal courts for plaintiffs who lack the financial resources to pay any part of the statutory filing costs.   *See Williams v. Estelle*, 681 F.2d 946 (5th Cir. 1982); *Prows v. Kastner*, 842 F.2d 138 (5th Cir. 1988).   This Court, in exercising its discretion, has considered the following factors:

> Is the plaintiff barred from the federal courts by reason of his impecunity?   *Souder v. McGuire*, 516 F.2d 820 (3rd Cir. 1975);
>
> Is access to the courts blocked by the imposition of an undue hardship?   *Startti v. United States*, 415 F.2d 1115 (5th Cir. 1969); and,

> Is the plaintiff forced to contribute his last dollar, or render himself destitute to prosecute his claim? *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1941).

Considering the circumstances of Plaintiff, the undersigned finds that she could pay the filing costs without undue financial hardship if given ninety days to pay. Plaintiff will not be rendered destitute by paying the filing fee in ninety days, as she does have a place to reside, a motor vehicle, and monthly income. Because she will not be barred from the federal courts due to her lack of financial resources, it is the recommendation of the undersigned that Plaintiff's motion to proceed *in forma pauperis* be denied. Plaintiff shall be given ninety days to pay the filing fee in this cause; all of the costs associated with the filing of this lawsuit should be paid on or before November 17, 2022. If Plaintiff does not object to this recommendation, and further does not pay the filing fee by November 17, 2022, the undersigned recommends that this case be dismissed without prejudice with no further notice to Plaintiff.

Plaintiff is referred to 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b) for the appropriate procedure in the event she desires to file objections to these findings and recommendations. Plaintiff is further notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar her, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636; Fed. R. Civ. P. 72(b)(as amended, effective December 1, 2009); *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 19th day of August, 2022.

/s/ F. Keith Ball  
UNITED STATES MAGISTRATE JUDGE